The next case today is Carlos Antonio Granados Benitez versus Jeffrey Rosen, appeal number 20-1541. Attorney Austin, please introduce yourself for the record. Good morning, my name is Paige Austin appearing on behalf of the petitioner Mr. Granados. May it please the court, I would like to reserve two minutes for rebuttal with the court's Thank you. Shall I begin? Please. Mr. Granados is asking this court to direct the Board of Immigration Appeals to apply its well-established precedent to his case precedent that the government concedes that the board did not apply here. Mr. Granados is a crime victim. He has applied for a U visa, which is a visa available to victims of serious crimes in the United States who assist law solving those crimes. And in light of his pending application for a U visa, he did precisely what the motion to reopen statute contemplates. He filed a timely motion with the court with the immigration court, seeking to reopen his case in light of new evidence. Well, excuse me, counsel. You said he filed it with the immigration court. I thought he filed it with the BIA. You're correct, Your Honor. He did. He filed it. What relief did he request from the BIA? The government appears to think it important that he didn't specifically request a continuance. What relief did he request from the BIA? Your Honor, he sought reopening and remand back to the immigration judge. So I'll begin with what he did not seek. He did not seek termination. Termination is a remedy available if the U visa were approved, which he did not allege that it was. And termination is a remedy that the board would grant. There would be no reason to remand. But he sought reopening and remand to the IJ. And the assumption I would imagine is that if that were granted, he would then ask the IJ for specific relief. That's exactly right, Your Honor. He alleged the facts that are crucial to the analysis of whether the immigration court should await his pending collateral visa. He's filed this visa with a different agency, with USCIS. And under the board's case law that begins with the Sanchez-Sosa case in 2012, if he can establish certain elements, he's entitled to just a couple of things. Isn't it the usual practice that continuances are granted by immigration judges rather than the BIA? Right? The BIA is an appellate body, right? Yes, you're exactly right. The immigration... To be able to ask for a continuance, it's got to be remanded to the immigration judge. Okay. Secondly, the amicus has pointed us to a USCIS directive that seems to say if you are put on a wait list, as your client was, that then is the normal circumstance for the removal proceedings to be stayed. So, putting together your argument and the additional information we've been given about USCIS, it would seem that there are two inconsistencies in the board's decision. The first has to do with what you've been arguing, that their prior precedent, their practice. And the second has to do with sort of the left hand and the right hand not apparently knowing what the other is doing, which is USCIS has one interpretation of what it means to be on a wait list, but the BIA seems to have another one. Have I basically gotten the argument? Well, you are correct that we rely on the board's prior precedent to argue that... Four minutes remaining. ...that this legal presumption is triggered here and that he should have more time. The issue with the USCIS directive shows that essentially when it issues the type of letter and makes a wait list determination like it has, that that does show that the visa is prima facie approvable. And of course, under the Sanchez-Sosa case and its successor cases, that should be the primary factor that the board should look at when considering whether to wait for CIS to do its job and to ultimately adjudicate the visa. Does it make any difference that Sanchez-Sosa arose in a different procedural posture? It does not, Your Honor. And I'll answer that point with two points. The first is that every court of appeals to have looked at this and the board itself have found that the Sanchez-Sosa framework applies in the motion to reopen or the motion to remand posture. And I'd like to note here because the government points out that among the four other circuit court cases we cite in the filed with the board during the pendency of an appeal, but putting forward new evidence and asking for a remand back to the immigration judge, motions to remand are treated by the board and by reviewing courts exactly the same as motions to reopen. And that has been the case for decades. What we see in all of those cases is that the courts of appeals find that Sanchez-Sosa is the test to apply. And indeed, I would note here that the LNY case, which is the board's third precedential case in this line of cases interpreting Sanchez-Sosa is itself a motion to remand case. There we see the respondent in immigration court, like Mr. Granados, puts in evidence that his U visa is approvable and he asked for a remand and the board accepts and considers that evidence and then applies Sanchez-Sosa. And so what we see is unanimity applying that framework in this posture. And I would just further note, as we say in our reply, that that stands to reason, given how motions to reopen are adjudicated, the relevant prong in the motion to reopen test asks whether the individual has shown prima facie eligibility for relief. And so that prong of the inquiry requires this court or the agency to posit that the person is back before the immigration judge hypothetically, and to ask if there's a reasonable likelihood that he or she would get relief. So essentially the standard is providing the bridge back to whatever the criteria are or the framework will be for the immigration judge in making that determination. And so we are asking here that this court join every other court of appeals to have looked at this, as well as the board in much of its previous precedential and non-precedential practice, and find that the Sanchez-Sosa case controls this inquiry and to direct the board to apply it, which as I say the government has agreed with us that the board did not. I just have a question about the scope of the vacate and remand that you want. Are you also arguing that had the board applied Sanchez-Sosa, it would have had no choice but to remand to the immigration judge, and that therefore the remand to the BIA should also include an instruction to send it back to the immigration judge? I apologize. We are, Your Honor. We are asking that this court direct the board to apply the Sanchez-Sosa framework, but we do think that on this record there is only one reasonable and appropriate outcome that the board could reach given application of that standard, because the issue is whether he has shown that the visa is prima facie approvable, and the agency has not contested that. Indeed, in LNY, the agency called the type of letter that he has dispositive of that question, and none of the countervailing factors. But there is a value in orderliness of procedure. You asked the board to remand this to the IJ. The board refused to do that, all right? If your position is correct, and we say that it was error or an abuse of discretion for the board to refuse to remand, it seems to me that that's as far as we ought to go. At that point, it is up to the immigration court to apply Sanchez-Sosa. I don't have any reason to believe that it won't do so, but we shouldn't pretermine that decision when the immigration court has never had an opportunity to make it. Your Honor, you are correct that the board has not had an opportunity at this point, or the board, I should say, has it had an opportunity. The board has failed to apply the Sanchez-Sosa. But the board was just asked to remand. You say that was error, that they didn't remand, all right? It's the IJ who would then have to adjudicate whether a continuance is warranted here. When I say that we think the record shows he's made a prima facie case, we think the record shows that... All of that may be true, but I don't understand why that's our concern. Our concern is whether the board's order ought to be reversed or vacated. And the case sent, and the board ordered to reopen the case and send it to the immigration judge. That is exactly the relief that we seek, Your Honor, which is a reopening and remand to the immigration judge to adjudicate that continuance request. Okay. Thank you. We'll hear from your opponent now. You have two minutes reserved. Thank you. At this time, would Attorney Bates please unmute your device and introduce yourself on the record? Good morning, Your Honors. Christopher Bates for the respondent. DHS regulations provide that a petitioner who has an approved new visa petition has a final order of removal may seek cancellation of such an order by filing with the immigration judge or the board a motion to reopen and terminate removal proceedings. Here, the board properly applied this regulation... Well, Mr. Bates, there was no request here to terminate removal proceedings. This was simply a request to reopen for the purpose of remanding to the immigration court. From the papers, it's evident that the purpose of the remand was to enable the petitioner to bring to the attention of the immigration judge the fact that the petitioner had been placed on the waiting list for U-Visa approval and that the petitioner was stuck in that position because the U-Visa quota was filled for the present year. There was no request to terminate removal and all of the policies and the case law that have been called to our attention indicate that being placed on the waiting list would have constituted sufficient reason for the IJ to have granted a continuance or some similar relief which because of the board's action the petitioner never had a chance to ask for. That's what the problem that I see is with this case. I understand, Your Honor. I would note, of course, as we have explained in our brief, that the petitioner did not expressly request a continuance. Well, the board wasn't the agency or the tribunal to grant the continuance. The petitioner did exactly what the petitioner ought to have done. He requested reopening and remand to the judge who was in a position to entertain a continuance request. And expressly sought the continuance for purposes of the I-130. It's not clear from the motion, Your Honor, that he was seeking expressly for a remand for purposes of continuance with regard to the U visa. And if I may briefly, Your Honor, as well... I'm sorry, but why did he have to specify that to the BIA when he's saying remand to the IJ so the IJ can consider this under the normal rules of the agency? Your client seems to have been confused about what all of this was really about. So I'm not actually quite sure why the government has chosen to defend this case. Well, Your Honor, I would note as well that in the petitioner's motion to reopen that petitioner also did not cite Sanchez-Sosa or seek application of the Sanchez-Sosa factor. So as to the question of, you know, the relief that petitioner was seeking in the motion to reopen, it was reasonable for the board to understand it in the way that it did. The petitioner was seeking a remand. That's what his motion said. That's the only thing he was seeking from the board. And that was the proper thing to seek from the board. And the petitioner didn't have to cite Sanchez-Sosa to warrant that. The board was well aware of the department's own That's correct, Your Honor. I think from the board's decision here, the board did understand the petitioner to be seeking with regard to the U-Visa reopening for purposes of termination. Again, the petitioner didn't use the word termination in the motion, also didn't, you know, use that word continuous with regard to the U-Visa. It did say he was seeking vacater and that he should not be removed. But if I may move on, Your Honors, to application of Sanchez-Sosa here. I think it's important to note that there are, of course, multiple factors. Five minutes remaining. Thank you. Go ahead. There are, of course, multiple factors that come into play in Sanchez-Sosa. The board has said that and the likelihood that the collateral relief will make a difference. Those are the primary factors. There are, of course, secondary factors that can outweigh those primary factors, as was the case in LNY. And so as the question of if this court determines that the motion to reopen is properly construed as seeking a remand for purposes of continuance, as we have argued in our brief, the appropriate thing for this court to do would not be to, you know, remand for continuance, but for the board to determine how Sanchez-Sosa should apply in the context of a motion to reopen. As Your Honors know, motions to reopen, and this is stated in the Supreme Court's Abudu case, are heavily disfavored given the interest and finality of litigation. Procedures bear a heavy burden. The board has elucidated the factors that should be considered by an immigration judge in determining whether to grant a continuance in pending proceedings. It has not addressed that issue in the context of a motion to reopen. I don't understand why there's anything further for the board to do. Let's, bear with me, and let's assume that this court is prepared to hold that the board either abuse its discretion, I think it's abuse of discretion, in denying a motion to reopen and remand in these circumstances. Why is there anything further for the board to do? It then becomes the immigration judge's obligation when the immigration court is to continue to apply whatever precedent is available and to exercise whatever discretion the immigration judge has and make that decision. But I don't understand why there's anything further for the board to do. It's not the board which is being asked to grant a continuance. The board is merely being asked to reopen and certainly given the department's directive, the USCIS directive, it seems to me that there is good reason for reopening this case. There has been a significant development that on the face of things is likely to provide the petitioner with some relief that was not available for him to seek at the time of the original immigration court proceedings. Yes, your honor. I think that the relevant consideration is how those Sanchez-Sosa factors would apply given the context here is a motion to reopen. It could be the case that pending proceedings, it could be the case that certain factors should receive slightly different weight given the heavy burden that move in space with regard to motions to reopen. I think that our point or position, your honor, is simply that given that the board has not previously addressed application of Sanchez-Sosa factors in the context of a motion to reopen, it would be the immigration judge against this court to construe the motion to reopen. If I've understood your position, you believe that the board has the discretion because it was a motion to reopen to issue a stop or go order. That if it says stop, the immigration judge never gets a chance to consider any of the factors because the board has said no motions to reopen are categorically can't be used. On the other hand, if they say go, then it goes to the immigration judge and he considers the factors. Normally, the board prefers to have an immigration judge take a first look at these issues and then they look at whether that judge committed an error of law. What I don't understand is the premise that you're arguing from that the board has the discretion to now come up with a categorical rule that motions to reopen are somehow different and excuse the board from doing what it ordinarily would do. So, your honor, it's not that we would anticipate or would say, although it's going to be the board's decision, it's not necessarily we'd anticipate a stop or from Sanchez-Sosa should be applied here, whether they should be applied in the same fashion as in the context of a continuous motion in pending proceedings. If certain factors should be given more weight, for instance, if the administrative efficiency interests might be given different weight given the motion to reopen context. And so, it's not, you know, no. That's time. Yeah, go ahead. But boy, it strikes me that what you're doing is contrary to what Congress intended when it gave this type of relief to people who were here. If you happen to be a victim of a crime before your immigration proceedings have closed before the immigration judge, well, then you're eligible. But if you happen to be a victim of a crime thereafter, and it's obviously new circumstances that could not have occurred earlier, gosh, well, then you're out of luck. It just strikes me as being inconsistent with what Congress was trying to accomplish. If I may just clarify two things, Your Honor. I understand that I'm out of time at this point. It's not necessarily that you're eligible in pending proceedings, not eligible afterwards. Again, it would be a question of how the Sanchez-Sosa factors apply if the weight is the same as in pending proceedings, that there may be some different application. Secondarily, as the USCIS directive that Your Honors have discussed makes clear, it is the policy of the agency once an individual has been placed on the wait list not to remove the individual. And what the board said in the decision here, I think it's a proper reading of the board's decision to say that the board understood the petitioner, although the petitioner did not use the word terminate, was seeking an application of that weight. No, no, no, counsel. I'm sorry. I just don't read it that way. I read the board as saying, okay, you can be removed, but if someday you move up the wait list, then you have a chance to come back to this country. And we do know that the agency removes people in all sorts of circumstances when they shouldn't have been removed. And it seems to me your position is, well, once the removal order is out there, BIA is just hands-off. I understand, Your Honor. And I simply emphasize again that the agency has stated that its policy is not to remove folks who have been placed on the waiting list. Regulations do, of course, also provide for individuals to seek a stay of removal from the agency while they are in pending proceedings. So there are various avenues that individuals can seek protection under the regulatory scheme and the agency's policies. Thank you, Your Honor. Okay. Thank you. Thank you, Attorney Bates. You can mute your device at this time. Attorney Austin, please reintroduce yourself for the record. Page Austin for the petitioner, just with a few brief points in response. I'll start with the government's point that motions to reopen are disfavored. I think Judge Lynch said exactly right here that that would run contrary to congressional intent. And that's not only because of the U visa, but because of the motion to reopen statute. This is a timely motion to reopen. Congress created a very narrow exception for when motions to reopen can be granted when they're filed within 90 days with new previously unavailable evidence. And that is exactly what Mr. Granados has done here. Whether he has other avenues of relief open to him administratively or through a current policy of the agency cannot vitiate that right given to him by Congress under the statute to file this timely motion to reopen and ask that his case be reopened. And the second point that I would respond to is the government has said a few times that the board might, upon looking at this again, decide to weigh the Sanchez Sosa factors a little bit differently. And I would just repeat our point that that's not how the motion to reopen test works. The motion to reopen test asks whether the individual is prima facie eligible before the immigration judge. And so that necessarily draws on whatever the case law is that the immigration judge will use when this court reviews a finding by the board that an individual is or is not, for example, prima facie eligible for asylum. We don't ask what the requirements are for asylum in the motion to reopen context. We ask what the requirements for asylum are full stop. And so to hear this court looks this quarter or the agency, if it's doing its job, should look at what the standards will be before the IJ. Those are the Sanchez Sosa standards. There's no reason to to reweigh them or to come up with a different test. Just exactly as your honor said, there's nothing left for the board to do here. This case should have been reopened and remanded to give Mr. Granados an opportunity to seek a continuance while his meritorious U visa is pending. That's time. Thank you, counsel. Thank you. That concludes argument in this case. Attorney Austin and Attorney Bates, you should disconnect from the hearing at this time.